1  Nathaniel Durrance, State Bar No. 229210
   *nate@newmanlaw.com*
2  NEWMAN DU WORS LLP
3  2101 Fourth Avenue, Suite 1500
   Seattle, WA 98121
4  Phone: (206) 274-2800
   Facsimile: (206) 274-2800
5
6  Counsel for Plaintiff
   Saber Interactive Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER INTERACTIVE INC., | Case No. 3:22-cv-01042 |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. §§ 101, ET SEQ.** |
| v. | |
| Oovee, Ltd., Zane Saxton, Devin Milsom, and Vince Milsom, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMPLAINT— 1
[3:22-cv-01042]

Plaintiff Saber Interactive Inc. ("Plaintiff"), by and through its attorneys, Newman DuWors Durrance LLP, as and for its Complaint against Defendants Oovee, Ltd. ("Oovee"), Zane Saxton, Devin Milsom, and Vince Milsom (collectively, "Individual Defendants," and collectively with Oovee, "Defendants"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a copyright infringement action in which Plaintiff, a world-renowned video game developer, seeks injunctive and monetary relief for Defendants' unlawful use of a musical composition owned by Plaintiff in Defendants' competing video game.

2. For years, the Individual Defendants, through Oovee, have sold at retail on a worldwide basis a video game called *Spintires*, which includes a musical composition owned by Plaintiff and for which Plaintiff has obtained a copyright registration.

3. Plaintiff seeks relief from this Court because Defendants' misappropriation of Plaintiff's musical composition and its worldwide sale of *Spintires* has caused and continues to cause Plaintiff to suffer substantial damages.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction because this is an action seeking damages and injunctive relief for copyright infringement under the laws of the United States. 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); 17 U.S.C. §§ 101, et seq.

5. Venue properly lies in this District as it is where a substantial part of the events giving rise to Plaintiff's claims occurred and Defendants are subject to personal jurisdiction in this District. 28 U.S.C. § 1391(b).

6. This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their business activities toward and purposefully availed themselves of the privileges of conducting, transacting, and soliciting business in San Francisco, California; Plaintiff's claims arise from the aforementioned business activities; and exercising personal jurisdiction over Defendants is reasonable.

**PARTIES**

7. Plaintiff Saber Interactive Inc. is a Delaware corporation with its head office located

at 2200 N. Ocean Blvd., Unit C.U. No. 4, Ft. Lauderdale, FL 33305. Plaintiff is a video game developer that specializes in 3D graphic art and technology and one of the largest and longest-standing providers of interactive video games, including *NBA Playgrounds* and the *Halo* franchise.

8. Defendant Oovee, Ltd., is a company registered under the laws of England and Wales with a registered office at 97 Yarmouth Road, Norwich, Norfolk NR7 0HF, United Kingdom. Defendant purports to be in the business of developing, selling, and licensing video games and has sold the video game *Spintires*, in which Defendant incorporated a musical composition owned by Plaintiff, through San Francisco-based Humble Bundle, which operates a digital store that sells videogames and other digital content.

9. Defendant Zane Saxton is an individual residing in the United Kingdom and is the founder, Chief Executive Officer, and sole director of Oovee. As such, Mr. Saxton has controlled all of Oovee's business decisions, including the decision to sell the video game *Spintires* through San Francisco-based Humble Bundle.

10. Defendant Devin Milsom is an individual residing in the United Kingdom and is Oovee's Chief Operating Officer. Upon information and belief, Mr. Milsom has controlled or participated in each of Oovee's business decisions at issue here, including the decision to sell the video game *Spintires* through San Francisco-based Humble Bundle.

11. Defendant Vince Milsom is an individual residing in the United Kingdom and is titled Oovee's Non-Executive Director. Upon information and belief, Mr. Milsom has controlled or participated in each of Oovee's business decisions at issue here, including the decision to sell the video game *Spintires* through San Francisco-based Humble Bundle.

**FACTS**

**Plaintiff's Copyrighted Work**

12. Pursuant to an Assignment of Intellectual Property Rights dated February 1, 2019 (the "Assignment"), Plaintiff became the owner of various intellectual property rights formerly owned by Mr. Mikhail Skorokhodov ("Mr. Skorokhodov") of Prospekt Engles 33, St. Petersburg, Russian Federation.

13. Pursuant to the Assignment, Mr. Skorokhodov assigned to Plaintiff "absolutely with

COMPLAINT — 3
[3:22-cv-01042]

full title guarantee any and all his right, title and interest in and to the Assigned Rights," which consisted of "all past and current rights in compositions, music files whether copyrighted or not that were created by [Mr. Skorokhodov] between 2008 to [February 1, 2019] that have been created for interactive media," including "all rights to royalty, past or present as well as any rights for any claims arising out of the unlawful use of said rights."

14. Pursuant to the Assignment, Mr. Skorokhodov warranted that he was "the legal owner and beneficial owner of, and own[ed] all the rights and interests in, the Assigned Rights" and that he had "not licensed or assigned any of the Assigned Rights."

15. One of the rights Mr. Skorokhodov assigned to Plaintiff, pursuant to the Assignment, included the rights to a musical composition titled "Spintires Theme Music" (the "Musical Composition").

16. Since Plaintiff and Mr. Skorokhodov executed the Assignment, Plaintiff has been the sole owner of the Musical Composition.

17. On June 22, 2021, Plaintiff obtained Registration Number SRu001489023 for the Musical Composition from the United States Copyright Office.

18. The Musical Composition was created in 2013.

**Defendants' Infringing Conduct**

19. In 2014, Oovee released *Spintires* for commercial sale on a worldwide basis, knowing *Spintires* contained misappropriated assets, including the Musical Composition.

20. Since 2014, Defendant has continued to sell *Spintires* on a worldwide basis, knowing that *Spintires* contains misappropriated assets, including the Musical Composition.

21. One of the online platforms through which public consumers can purchase *Spintires* from Oovee is the Humble Store, developed and operated by the San Francisco-based video game distribution platform Humble Bundle.

22. When a consumer purchases *Spintires* through the Humble Store, Defendants profit financially from the unauthorized use of the Musical Composition that it wrongfully misappropriated and incorporated into *Spintires*, and Plaintiff suffers damages in the form of lost licensing fees it could have earned had Defendant obtained Plaintiff's consent to use the Musical

COMPLAINT— 4
[3:22-cv-01042]

Composition, among other things.

23. None of the Defendants nor any other person or entity associated with the Defendants has ever obtained authorization from Mr. Skorokhodov or Plaintiff to use the Musical Composition in *Spintires*.

**Alter Ego and Joint and Several Liability**

24. Oovee's only known business address is an office occupied by an accounting firm.

25. Oovee has no known agent authorized to receive service. To Plaintiff's knowledge, Oovee has no physical assets, no offices, no employees, and no business other than the creation and distribution of the infringing *Spintires* game. Oovee's website is not functional, except for a forum dedicated to the *Spintires* game that appears to be unmoderated.

26. Upon information and belief, the Individual Defendants have used Oovee as an alter ego. They have failed to follow corporate formalities, intermingled assets, and used Oovee solely as a vehicle to accomplish unlawful activity. Oovee is believed to be uncapitalized or inadequately capitalized, and the Individual Defendants believed to have converted all income from *Spintires* to their own use.

27. Piercing the corporate veil is necessary because failing to do so would be an injustice allowing the Individual Defendants to benefit from their use of a shell entity to conceal their own unlawful activity.

28. Upon information and belief, Defendants, and each of them, were authorized and empowered by each other to act, and did act, as agents of each other. Each action described herein was taken with the full knowledge and consent of each Defendant, and each acted as an agent of each other towards the common purpose of profiting from illegal acts.

## FIRST CAUSE OF ACTION

### Direct Copyright Infringement

29. Plaintiff incorporates by reference and repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30. Plaintiff is the owner and copyright holder of the Musical Composition.

31. The Musical Composition is copyrightable subject matter under 17 U.S.C.

COMPLAINT — 5
[3:22-cv-01042]

§ 102(a)(5).

32. Plaintiff has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

33. Plaintiff registered the copyright with the United States Copyright Office.

34. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to control the use and distribution of the Musical Composition.

35. Plaintiff did not authorize Defendants' use of the Musical Composition.

36. Defendants' unauthorized use of the Musical Composition in the video game *Spintires* violates Plaintiff's exclusive rights in the Musical Composition under the 17 U.S.C. § 106, including the rights to reproduce and publicly display the Musical Composition.

37. Defendants used the Musical Composition, knowing that they did not have Plaintiff's authorization and with the intent to benefit financially from their unauthorized use.

38. As a result of Defendants' unauthorized use of the Musical Composition, Defendants have realized and continue to realize financial benefits, the value of which, together with all other relief permitted under the Copyright Act, Defendants owe to Plaintiff.

39. Defendants have caused substantial irreparable injury to Plaintiff and, unless restrained, will continue to cause such irreparable injury.

40. Defendants acted willfully.

## SECOND CAUSE OF ACTION

**Contributory Copyright Infringement Against the Individual Defendants (in the alternative)**

41. Plaintiff incorporates by reference and repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

42. Oovee has engaged in the unauthorized use of Plaintiff's copyrighted work, the Musical Composition, and consequently violated Plaintiff's exclusive rights in said work.

43. The Individual Defendants each know that *Spintires* contains the Musical Composition and that Defendants do not have the right to use it.

44. The Individual Defendants have chosen to continue selling *Spintires* to consumers,

COMPLAINT — 6
[3:22-cv-01042]

despite knowing that *Spintires* contains the Musical Composition and that Defendants do not have the right to use it.

45. Each Individual Defendant has the right and ability to prevent infringement at Oovee.

46. Each Individual Defendant induced, caused, and materially contributed to Oovee's unauthorized use of the Musical Composition and each Individual Defendant realized and continues to realize financial benefits from their unlawful conduct.

47. Each Individual Defendant has caused and continues to cause substantial irreparable injury to Plaintiff.

## THIRD CAUSE OF ACTION

**Vicarious Copyright Infringement Against Individual Defendants (in the alternative)**

48. Plaintiff incorporates by reference and repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

49. Oovee has engaged in the unauthorized use of Plaintiff's copyrighted work, the Musical Composition, and consequently violated Plaintiff's exclusive rights.

50. The Individual Defendants have and always had the right and ability to supervise the development and sale of *Spintires*.

51. The Individual Defendants have a direct financial interest in the incorporation of the Musical Composition in *Spintires* and benefit from the avoidance of paying an appropriate licensing fee.

52. The Individual Defendants' failure to properly supervise the development and sale of *Spintires* resulted in the sale of a product containing the misappropriated Musical Composition and each realized and continues to realize financial benefits due to their unlawful actions.

53. Each Individual Defendant has caused and continues to cause substantial irreparable injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

(1) Declaring that Defendants' unauthorized use of the Musical Composition has infringed upon Plaintiff's rights as owner and copyright holder of the Musical Composition;

COMPLAINT — 7
[3:22-cv-01042]

(2) Immediately and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with any of them, from using the Musical Composition without Plaintiff's consent;

(3) Impounding all copies of the Musical Composition that Defendants have made or used in violation of Plaintiff's exclusive rights in the Musical Composition;

(4) Ordering Defendants to pay in the alternative actual or statutory damages attributable to Defendants' infringement;

(5) Attorney's fees and costs of suit as allowed by law;

(6) Finding that each Defendant is the agent of each other Defendant and ordering joint and several liability for all damages;

(7) Finding that Oovee is an alter ego of the Individual Defendants and ordering that each of them be personally liable for Oovee's actions; and

(8) Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues so triable.

Dated: February 18, 2022            Respectfully submitted

/s/ Nathaniel Durrance
Nathaniel Durrance, State Bar No. 229210
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone:   (206) 274-2800
Facsimile:    (206) 274-2801
Email:         nate@newmanlaw.com

Counsel for Plaintiff
Saber Interactive Inc.