1

2

3

4

5

6

7

Nathaniel Durrance, State Bar No. 229210
nate@newmanlaw.com
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Phone: (206) 274-2800
Facsimile: (206) 274-2800

Counsel for Plaintiff
Saber Interactive Inc.

8

9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

| | |
|---|---|
| SABER INTERACTIVE INC., | Case No. 4:22-cv-01042-HSG |
| Plaintiff, | **PLAINTIFF SABER INTERACTIVE INC.'S MOTION FOR ORDER DIRECTING SERVICE OF PROCESS UNDER FED. R. CIV. P. 4(f)(3).** |
| v. | |
| OOVEE, LTD., ZANE SAXTON, DEVIN MILSOM, and VINCE MILSOM, | Hearing Date:          January 19, 2023 |
| Defendants. | Hearing Time:          2:00 p.m. |

17

18

19

20

21

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on January 19, 2023 at 2:00 p.m., before the Honorable Haywood S. Gilliam, Jr., at the Oakland Courthouse, located at 1301 Clay Street, Oakland, California, in Courtroom 2 on the 4th Floor, Plaintiff Saber Interactive Inc. ("Saber") will move this Court for an order directing service of process under Fed. R. Civ. P. 4(f)(3).

22

23

24

    Saber's Motion is based on the following Memorandum of Points and Authorities, the pleadings and records on file in this action, and such other matters of which this Court may take judicial notice.

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Saber Interactive Inc. respectfully moves the Court for an order authorizing service on United Kingdom-based Defendants Oovee LTD,  Zane Saxton and Devin and Vince Milsom via messenger service on Defendants' attorneys. All of the defendants in this case are well aware of the existence of this lawsuit. Defendants have made public statements about this lawsuit as well as other litigation in which defendants are embroiled with Saber. Yet defendants have repeatedly refused to accept service of the Complaint in this case and have actively evaded process in the United Kingdom. The United Kingdom's Hague Convention Central Registry has been unable to effect service. Counsel for Oovee in a different case pending in the State of Washington has admitted he represents the individual defendants but has refused to accept service.

The purpose of the rules governing service of process is to ensure that litigants' due process rights are protected by apprising them adequately of the pendency of proceedings against them and providing them an opportunity to present their objections. The rules do not exist to provide defendants who are fully aware of such proceedings with an opportunity to play games and increase the costs and burdens of litigation. But that is precisely what is happening here with these defendants. Therefore, an order permitting service through counsel ensures prompt receipt, complies with United States and international law, and allows the case to proceed in an orderly fashion.

### FACTS

**A.   Defendants created a video game that infringes Saber Interactive's intellectual property rights.**

Plaintiff Saber Interactive Inc. is a video-game developer that specializes in 3D graphic art and technology and is one of the most successful providers of some of world's most popular video games, including *NBA Playgrounds* and the *Halo* franchise. (Dkt. No. 12, March 2, 2022 Declaration of Matthew Karch "Karch Decl." at ¶ 3.) Plaintiffs owns the rights to a musical composition entitled "Spintires Theme Music," (the "Musical Composition") including

1   Copyright Registration Number SRu001489023. (Karch Decl. at ¶ 4.)

2          Defendant Oovee is a United Kingdom Public Limited Company controlled by Defendants

3   Zane Saxton and Devin and Vincent Milsom. (Karch Decl. at ¶ 5.) Defendants created a video

4   game called *Spintires* that contains the Musical Composition. (Karch Decl. at ¶ 6.) In 2014,

5   Defendants released and sold *Spintires* knowing that the game contained assets, including the

6   Musical Composition, that did not belong to Defendants and had been wrongfully

7   misappropriated. (Karch Decl. at ¶ 7.) Despite notice that *Spintires* infringes Plaintiff's rights,

8   Defendants continue to sell *Spintires*.

9          One of the online platforms through which public consumers can purchase *Spintires* from

10  Defendants is Humble Bundle, a digital content distribution platform developed and operated by

11  San Francisco, California-based Humble Bundle, Inc. (Karch Decl. at ¶ 8.)

12         When a consumer purchases *Spintires*, Defendants profit financially from the unauthorized

13  use of Saber's intellectual property.

14  **B.    Saber has been unable to effect service through the United Kingdom's central registry.**

15         On March 8, 2022, Saber Interactive sent service packages to the United Kingdom's

16  Central Registry to effect personal service on defendants Zane Saxton, Devin Milsom, and Vince

17  Milsom. (September 3, 2022 Declaration of Chy Eaton ("Eaton Decl.") at Att. 1.) On

18  June 8, 2022, the Central Registry returned the service packages without attempting service

19  because the Central Registry claimed Saber had not adequately separated the document copies.

20  (Eaton Decl. at Att. 2.) Saber re-sent the service packages per the Central Registry's instructions

21  but has not received a response. (Eaton Decl. at Att. 3.)

22         Saber did not attempt service on Oovee because Saber knows that Oovee has no registered

23  agent nor a business address. Oovee is a United Kingdom Private Limited Company. (Eaton

24  Decl. at Att. 14.) The United Kingdom requires business entities to maintain a registered office

25  address. According to gov.UK, the United Kingdom's business registry site, the current

26  registered office address for Oovee is Yare House, 62-64 Thorpe Road, Norwich, Norfolk

27  England, NR1 1RY. (Eaton Decl. at Att. 14.) The United Kingdom is a signatory to the Hague

28  Service Convention and maintains a Central Registry for service of foreign process. On October

PLAINTIFF'S MOTION FOR ALTERNATE SERVICE
[4:22-cv-01042-HSG]

14, 2021, Plaintiffs requested that the Central Registry serve Oovee in a different lawsuit pending

in the State of Washington. (Eaton Decl. at Att. 3.) On November 2, 2021, the process server

reported that "the company is not known at the address given." (Eaton Decl. at Att. 15.) Further

investigation revealed that the Yare House address belongs to an accounting firm. The

accounting firm is known to represent Oovee because it has filed public documents on Oovee's

behalf. (Eaton Decl. at Att. 5.)

**C.    Saber has also repeatedly tried to effect service of the Western District of Washington case to no avail, even though the four defendants are actively litigating a motion to dismiss.**

Saber also has a matter pending against the same four defendants in the Western District of

Washington, *Saber v. Oovee et al.*, 2:21-cv-01201-SKV (WDWA). In that case, the WDWA

ordered service for Oovee on Oovee's UK-based attorneys. Service was effected and Oovee

appeared through a Washington attorney, Michael Chait. Even though the individual defendants

in that case are actively litigating a motion to dismiss, and not contesting personal jurisdiction,

the defendants are refusing to accept service of process of the complaint. The following chart

demonstrates Plaintiff's attempts to effect service in the United Kingdom of the WDWA case:

| Date | Event | Source |
|---|---|---|
| Sept. 2, 2021 | Complaint filed against Oovee, Ltd. and Z. Saxton | Dkt. No. 1. |
| Sept. 3, 2021 | Summons issued | Dkt. No. 3. |
| Sept. 3, 2021 | Notice of a Lawsuit and Request to Waive Service of a Summons to Oovee, Ltd. and Z. Saxton sent by letter to T. Nener at Pinsent Masons LLP. | Eaton Decl. at ¶ 6. |
| Sept. 9, 2021 | Service package pursuant to the Hague Convention dispatched to Foreign Process Section, Royal Courts of Justice for Oovee, Ltd. and Z. Saxton. | Eaton Decl. at ¶ 7. |
| Sept. 20, 2021 (rec'd Oct. 9) | Response regarding service of foreign process on Oovee: insufficient address details; duplicate set of documents to be provided. | Eaton Decl. at ¶ 8, Att. 4. |
| Oct. 11, 2022 | Response regarding service of foreign process on Z. Saxton: Property appears empty. | Eaton Decl. at ¶ 9, Att. 5. |

| Oct. 14, 2021 | New service package pursuant to the Hague Convention for Oovee, Ltd. | Eaton Decl. at ¶ 10. |
|---|---|---|
| Nov. 2, 2021 | Response regarding service of foreign process on Oovee: The company is not known at the address given. | Eaton Decl. at ¶ 11, Att. 6. |
| Feb. 9, 2022 | First Amended Complaint filed adding defendants V. Milsom and D. Milsom | Dkt. No. 5. |
| Feb. 11, 2022 | Summons issued as to V. Milsom and D. Milsom. | Dkt. No. 6. |
| Feb. 11, 2022 | Service package pursuant to the Hague Convention dispatched for Z. Saxton, V. Milsom and D. Milsom. | Eaton Decl. at ¶ 12, Att. 7. |
| Feb. 14, 2022 | Motion for Order Directing Foreign Service of Process filed. | Dkt. No. 7. |
| Mar. 14, 2022 | Order granting in part and denying in part Motion for Order Directing Foreign Service of Process. | Dkt. No. 10. |
| Mar. 21, 2022 | Service by messenger (Banner Logistics) dispatched for Oovee, Ltd., c/o Pinsent Masons LLP. | Eaton Decl. at ¶ 13, Att. 8. |
| Mar. 23, 2022 | Service on Oovee completed by Banner Logistics; delivered to Pinsent Masons LLP | Eaton Decl. at ¶ 14, Att. 9. |
| May 6, 2022 (rec'd May 18) | Response regarding service of foreign process on D. Milsom: duplicate set of documents should be distinct; "particulars of the parties" needs claimant information. | Eaton Decl. at ¶ 15, Att. 10. |
| May 6, 2022 (rec'd May 18) | Response regarding service of foreign process on Z. Saxton: duplicate set of documents should be distinct; "particulars of the parties" needs claimant information | Eaton Decl. at ¶ 16, Att. 11. |
| Sept. 1, 2022 | Saber again requests Oovee's Washington counsel accept service | Scully Decl. at Att. B. |

On February 11, 2022, Plaintiff sent a request to serve the Milsoms and Saxton at alternate addresses with the amended Washington complaint. (Eaton Decl. at Att. 7.) Although all three packages were identical, the Central Registry returned two, stating that the documents were not adequately separated. (Eaton Decl. at ¶¶ 15–16, Atts. 10–11.) On August 15, 2022, the Central Registry notified Saber that it had served Vincent Milsom on May 10 with the Washington matter. (Eaton Decl. at Att. 12.) According to Defendants' Washington attorney, Michael Chait,

1   the Central Registry Process Servers were able to locate Vincent Milsom at Milsom's residence

2   but merely left the documents on the premises, rather than handing them to Milsom personally.

3   (September 2, 2022 Declaration of Keith Scully ("Scully Decl.") at Att. A, p. 8.)

4   **D.   Oovee's Washington counsel also represents the individual defendants but refuses to**
5   **accept service.**

6        Oovee's Washington attorney Michael Chait has admitted he represents the individual

7   defendants in the Washington matter. (Scully Decl. at Att. A.) Specifically, on May 13, 2022,

8   Chait stated "[t]he named individual defendants will allow me to accept service on their behalf,

9   without waiver of any defenses (including but not limited to personal jurisdiction), upon your

10   agreement that service would be deemed effective as of the date of the Court's ruling on the

11   motion to dismiss the SAC." (Scully Decl. at Att. A at p. 8.) Chait sought—and received—

12   multiple extensions to file a motion to quash service on their behalf. (Scully Decl. at Att. A.)

13        On June 12, 2022, Defendants chose to defame Saber in a press release related to the

14   parties' litigation. (Scully Decl. at Att. B.) In that press release, defendants complained about the

15   lawsuits filed against them and claimed that Saber was misusing the legal process. Saber

16   subsequently moved to add defamation claims to the Washington case, and Chait refused to

17   accept service of the amended complaint. (Scully Decl. at Att. A at pages 1–2.) Chait further

18   stated he had not been retained to defend this case. *Id.*

19        On September 1, 2022, Saber asked Chait again if his clients would simply accept service.

20   In a disingenuous reversal, Chait now claims that he does not represent them in either case.

21   (Scully Decl. at Att. C.)

22   **E.   Saber has been unable to find alternate addresses for defendants.**

23        Plaintiff's attempts to find an alternate address have been unsuccessful. Oovee's website,

24   oovee.games, is currently mostly nonfunctional and contains no physical address information.

25   (Eaton Decl. at ¶ 18.) The only functioning portion is a forum with a last entry from Defendant

26   Saxton dated March 29, 2019. (Eaton Decl. at ¶ 19.) WHOIS is a directory service for domain

27   names—like oovee.games. The WHOIS directory reflects that the identity and contact

28   information for oovee.games is registered to a privacy service, meaning Saber cannot uncover any

6

1 additional addresses for any of the Defendants through that mechanism. (Eaton Decl. at Att. 13.)

2      Likewise, internet and public-records searches have revealed no other addresses for

3 defendants. (Eaton Decl. at ¶ 21.)

4 **ARGUMENT**

5      Rule 4(f) allows a variety of methods of service on foreign defendants. Federal courts may

6 order service on a foreign defendant "by other means not prohibited by international agreement .

7 . . ." Fed. R. Civ. P. 4(f)(3). Rule 4(f) does not "create a hierarchy of preferred methods of

8 service of process," rather, "court directed service under Rule 4(f)(3) is as favored as service

9 available under Rule 4(f)(1) or 4(f)(2)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015

10 (9th Cir. 2002).

11      The Ninth Circuit only requires "substantial compliance" with Rule 4, meaning that

12 service will be complete so long as the opposing party receives sufficient notice of the complaint.

13 *Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994). Thus, a method of service must only

14 be "reasonably calculated, under all the circumstances, to apprise the interested parties of the

15 action and afford them an opportunity to present their objections." *Facebook*, 2012 WL 1038752,

16 at *1 (citing *Rio Props.*, 284 F.3d at 1014). Service on Defendants via their attorneys is appropriate

17 under Rule 4(f)(3) and ensures that Defendants will promptly receive notice of this pending case.

18
19 **A.**   **Service is appropriate under Rule 4(f)(3) on Defendants' attorney because the proposed method is reasonably calculated to provide Defendants with actual notice of this action and is not prohibited by international agreement.**

20      Rule 4(f)(3) requires only that the service method be (1) directed by the court; and (2) not

21 prohibited by international agreement. *See Rio Props.*, 284 F.3d at 1014. The Ninth Circuit has

22 held that Rule 4(f)(3) service does not require prior attempts at service by other means and is

23 neither a "last resort" nor "extraordinary relief." *Id.* at 1014–15. A district court has discretion

24 to authorize service under Rule 4(f)(3) even if "the alternative means would contravene foreign

25 law." *Freedom Watch, Inc. v. Org. of the Petroleum Exp. Countries*, 766 F.3d 74, 84 (D.C. Cir. 2014)

26 (citing *Rio Props.*, 284 F.3d at 1014).

27      All that Rule 4(f)(3) requires is that the proposed method of service "must comport with

28 constitutional notions of due process and must not violate any international agreement." *Rio*

7

*Props.*, 284 F.3d at 1015, 1016. A service method comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

Service on counsel is a long-established method of alternative service. *e.g.*, *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012). In *Lebanese Bank*, the court especially noted that service on counsel was appropriate where, like here, the defendant had refused to waive service.

Alternate service is especially appropriate here because Plaintiff has been trying for nearly a year to serve Defendants through conventional means. Defendants are fully aware of the lawsuit and have counsel here. (Scully Decl. at Att. A.) Defendants refused to accept service and appear to be actively avoiding process servers.

**B.    Plaintiff's proposed service will result in actual notice because Oovee's attorney represents all defendants.**

Service must only be "reasonably calculated" to achieve actual notice. *Rio Properties*, 284 F.3d at 1017. Saber's proposed service is reasonably calculated to provide Defendants with actual notice of this action because Oovee's attorney has admitted he represents them.

**C.    Plaintiff's proposed service is not prohibited by international agreement and has been authorized by other federal courts for service on United Kingdom defendants.**

Saber's proposed service also satisfies the requirement that it is "not prohibited by international agreement." *See* Fed. R. Civ. P.4(f)(3). The United Kingdom and the United States are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See Facebook*, 2012 WL 1038752, at *2. The Hague Convention does not prohibit alternate service on counsel. *See id.*; *Juicero, Inc. v. Itaste Co.*, 17-CV-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017). Accordingly, federal courts have authorized service under Rule 4(f)(3) on United Kingdom defendants. *See Juicero,* 17-CV-01921-BLF, 2017 WL 3996196, at *3; *Facebook*, 2012 WL 1038752, at *2 n.5.

1

**CONCLUSION**

2
Saber respectfully asks the Court to permit service on Defendants' Washington counsel.

3

4
Dated: September 2, 2022                    Respectfully submitted

5

6
/s/ Nathaniel Durrance
Nathaniel Durrance, State Bar No. 229210

7
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500

8
Seattle, WA 98121
Telephone:    (206) 274-2800

9
Facsimile:    (206) 274-2801
Email:        *nate@newmanlaw.com*

10

11
*Counsel for Plaintiff*
Saber Interactive Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ALTERNATE SERVICE
[4:22-cv-01042-HSG]